UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00497-FDW-DCK

| | |
|---|---|
| TONYA T CHAPMAN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| KIRK J ANGEL, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 6), and Plaintiff's "Motion to transfer To state court," (Doc. No. 16). These motions have been fully briefed, (Doc. Nos. 8, 17, 18, 19).[1] For the reasons that follow, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Motion is DENIED AS MOOT.

Plaintiff, who is a resident of North Carolina, filed this action on August 8, 2023, against Defendant, who is also a resident of North Carolina, asserting claims for "breach of contract/legal malpractice" arising out of an alleged contract entered into by the parties on November 26, 2019. (Doc. No. 1, p. 4.) Although not listed in the caption or the first page identifying parties, he lists "The Angel Law Firm" in the "basis for jurisdiction" section and notes the firm is incorporated under the laws of North Carolina with a principal place of business in North Carolina. (Id. p. 3.)

Defendant seeks dismissal of the Complaint for lack of subject matter jurisdiction. "[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted). A Rule 12(b)(1) motion challenges the court's subject matter

---

[1] Because Plaintiff appears pro se in this matter, the Court issued a notice to her informing her of her right to respond to the motion and the burden she carries in responding to Defendant's Motion to Dismiss. (Doc. No. 7.)

jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Rule 12(h)(3) of the Federal Rules of Civil Procedure instructs: "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07 (2006) (citing Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). As the Fourth Circuit has explained, a dismissal based on any "defect in subject matter jurisdiction – must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted).

Plaintiff has two ways to demonstrate her case is appropriate to proceed in federal court. "The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Federal jurisdiction may lie either on the basis of diversity, 28 U.S.C. § 1332, or as an action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Diversity jurisdiction exists when the plaintiff is a citizen of a different State than the defendants and the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[D]iversity jurisdiction depends on the citizenship status of the parties at the time an action commences." Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).

Plaintiff's Complaint and response to the instant motion fail to provide a basis for this Court to exercise jurisdiction. It is uncontested that all parties (including The Angel Law Firm)

2

are "citizens" of North Carolina. Diversity jurisdiction is therefore lacking. Plaintiff neither asserts nor argues that a federal question exists, and the Complaint—construed liberally—fails to suggest the existence of a claim arising out of federal law. Accordingly, the Complaint must be dismissed without prejudice to Plaintiff filing her claims in state court. Notwithstanding the dismissal without prejudice, this ruling is a final judgment and without leave to amend because it appears impossible to cure the jurisdictional defect and amendment would be futile. See Britt v. DeJoy, (4th Cir. 2022); Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630 (4th Cir. 2008) (recognizing "it is clear that amendment would be futile in light of the fundamental deficiencies").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 6), is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (Doc. No. 16), is DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed: April 24, 2024

_____
Frank D. Whitney
United States District Judge